O’Neall, J.
The act of 1809, 1 Brev. Dig. 39, sec. 32, directs “that in all actions, now pending, or hereafter to be brought on any liquidated demand, wherein the defendant or defendants shall have suffered an order for judgement to he era-tered against him or them, it shall not be necessary for the plaintiff or plaintiffs to 'prove his or their demand, or execute a writ of enquiry, but the same shall, on motion to the Court, he referred to the Clerk to ascertain the sum actually due, and judgement shall be entered up accordingly for the sum so ascertained;” This (if any proof of the demand had still been necessary) substituted the clerk for the Court and jury in the particular class of cases for which provision was thereby made. Keeping this in mind, and considering the question now to be decided, as if it arose out of the execution of a writ of enquiry executed, there cannot be much difficulty in deciding it. In such a case, the defendant, if he chose so to do, would have the right to go before the clerk and object to any incompetent evidence which might be presented to fix the quantum of damages.* If he failed to attend, and incompetent evidence was acted upon by the clerk, he (the defendant) would be precluded from any objection to it after the judgement had been entered up, unless it operated to compel him to pay more than in truth and in fact he ought to pay, when he might be relieved on the ground of fraud. If the judgement had been entered up on a verdict found by a jury, no one have supposed, that without shewing fraud or injury, it could have been set aside on the ground that it was predicated on incompetent evidence. The judgement on the clerk’s assessment (regarded as the execution of a writ of enquiry) is equally entitled to be protected.
So far, I have conceded that the clerk acted irregularly, and therefore improperly, in assessing the plaintiff’s damages on the copy note : but I think there is nothing in the act of 1809 which prohibited such a course ; on the contrary I think it is sanctioned by its provisions. The defendant’s default confesses the action, and the only thing required on a writ of enquiry is to ascertain the plaintiff’s damages. Before the act of 1809, proof of the demand must have been presented to the Court and jury, in order to obtain this result. The act, however, regards the demand as set out on the record to be confessed, so as to require no proof, and to dispense with the execution of a writ of enquiry. It is referred to the clerk, as a. demand already established before the Court, that he may ascertain the sum actually due. This is a mere matter of calcula- *558 ^011) which is to be governed by rules of arithmetic and not of evidence.
In either point of view the judgement ought not to have been disturbed. There can be no danger in thus deciding ; for if ¡jy frau(j 0l. miS(,ake too great a judgement is obtained by the clerk’s assessment, upon a copy note, the Court would have the clear right to vacate or correct the judgement. It is, however, a good rule of practice, and as such we give it our sanction, that the clerks of the Court of Common Pleas through, out the State, should require the original of each and every liquidated demand, (whether the judgement is on verdict, assessment or confession) to be filed with the record before the judgement is signed.
The motion to reverse the decision of the judge below is granted.
Harper and Johnson, Js. concurred.

 Suppose he should go before the clerk and make objections to evidence which are' overruled; would he have the right of appeal, and if so, would the judgement mean while feo suspended?